IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL ERIC COBBLE, GDC #758572, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:19-CV-802-WHA |
| | ) | (WO) |
| UNITED STATES GOVERNMENT, et al, [1] | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

Petitioner, an inmate incarcerated in the Sumter County Jail in Americus, Georgia, filed this *pro se* action under 28 U.S.C. § 2241. While the court finds most of the petition rambling an unintelligible, Petitioner states he is challenging the manner "in which [his] federal sentence issued [in 2015] . . . by [the United States] District Court [for the Middle District of Georgia] Macon [Division] is being carried out . . . ongoing for 4½ years[.]" Doc. 1 at 1.[2]

Upon review of the instant § 2241 petition, one of several recently filed by Cobble with this court, the Magistrate Judge concludes that the petition is due to be dismissed for lack of jurisdiction.

### II. DISCUSSION

A petitioner's challenge to the execution of his sentence is properly considered under 28 U.S.C. § 2241, the general habeas statute. *Williams v. Pearson*, 197 Fed. App'x. 872, 876 (11th

---

[1] As discussed herein, the only proper respondent in a 28 U.S.C. § 2241 petition such as this one is Petitioner's current custodian.

[2] According to the Bureau of Prisons ("BOP"), Petitioner is not currently housed in its custody. *See https://www.bop.gov/inmateloc/* (last visited October 30, 2019). Petitioner's federal regulation number is 97872-020. /

Cir. 2006). However, a 28 U.S.C. § 2241 petition for writ of habeas corpus seeking relief related to a federal sentence "may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d, 1488, 1495 (11th Cir. 1991); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds [him] in what is alleged to be unlawful custody.").

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition [seeking relief regarding the execution of a sentence imposed by a federal court] is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. *Ibid*. We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the ***immediate*** custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Wales v. Whitney*, 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885) (emphasis added*); see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) ("The writ of habeas corpus" acts upon "the person who holds [the detainee] in what is alleged to be unlawful custody," citing *Wales*, *supra*, at 574, 5 S.Ct. 1050); *Braden*, *supra*, at 495, 93 S.Ct. 1123 ("'[T]his writ . . . is directed to . . . [the] jailer,'" quoting *In re Jackson*, 15 Mich. 417, 439–40 (1867)).
> 
> In accord with the statutory language and *Wales*' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement — "core challenges" — the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. . . .

*Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004).

As previously stated, Cobble is presently incarcerated in the Sumter County Jail in Americus, Georgia, a facility not located within the jurisdiction of this court. Instead, this

jail is located within the jurisdiction of the United States District Court for the Middle District of Georgia. "District courts are limited to granting habeas relief within their respective jurisdictions. 28 U.S.C. § 2241(a). [The Supreme Court has] interpreted this language to require nothing more than that the court issuing the writ have jurisdiction over the custodian[.]" *Padilla*, 542 U.S. at 442. This court therefore lacks jurisdiction over Petitioner's current § 2241 habeas petition

Petitioner is confined at the Sumter County Jail in Americus, Georgia. As such, the district of confinement for Petitioner is indisputably the Middle District of Georgia. *See* 28 U.S.C. § 90(b)(4). Accordingly, under the circumstances of this case, that court is the only court with jurisdiction to entertain the instant § 2241 habeas petition. Because this court lacks jurisdiction, the petition is subject to dismissal and the undersigned finds that the "interests of justice" do not warrant transfer of this case to the United States District Court for the Middle District of Georgia.[3] *See* 28 U.S.C. § 1406(a).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for lack of jurisdiction.

**On or before November 13, 2019**, Petitioner may file an objection to the Recommendation. Any objection filed must clearly identify the factual findings and legal

---

[3]The court takes judicial notice of federal court records, *see Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009), and concludes that transfer of this action is not in the "interest of justice" given Petitioner's well-documented "practice of frivolous, vexatious, and duplicative litigation" in the federal courts of Georgia. *See Cobble v. Neeley,* Civil Action No. 1:19-CV-12-LAG-TQL (M. D. Ga. 2019) (Doc. 5) (sanctioning Petitioner from filing civil actions for two years "[i]n light of [his] history of frivolous and vexatious filings [including habeas petitions] and to curb further abuses.).

conclusions set forth in the Recommendation to which Petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Petitioner is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings of fact and legal conclusions contained in the Recommendation shall bar a party from a *de novo* determination by the District Court of the factual findings and legal issues set forth in the Recommendation and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 30th day of October 2019.

    /s/  Charles S. Coody
UNITED STATES MAGISTRATE JUDGE